FILED
CLERK, U.S. DISTRICT COURT

DEC - 8 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

RICKY LAMAR ARMENDARIZ,           )   No. EDCV 10-1699 JST (FFM)
                                  )
                    Petitioner,   )   ORDER RE SUMMARY
          vs.                     )   DISMISSAL OF ACTION WITHOUT
                                  )   PREJUDICE
                                  )
LELAND McEWEN, WARDEN,            )
                                  )
                    Respondent.   )
_____)

On or about October 25, 2010, petitioner constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") herein. The Petition challenges a 2007 sentence and conviction.

Petitioner alleges that he has a petition for writ of habeas corpus currently pending before the California Supreme Court. (Petition at 4-5.) In a separately filed document, petitioner seeks a stay of this action while he pursues the state habeas petition. (*See* Petitioner's Motion to for Stay and Abeyance Pending Exhaustion of Additional Meritorious Claims in State Court.)

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be

granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel.  *See* 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979).  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).  A federal court may raise the failure to exhaust issues *sua sponte* and may summarily dismiss on that ground.  *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (per curiam); *see also Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Because petitioner alleges that he currently has a petition for review pending in the California Supreme Court, the exhaustion issue here is governed by the Ninth Circuit's holding and reasoning in *Sherwood v. Tompkins*, 716 F.2d 632 (9th Cir. 1983).  There, the petitioner was seeking habeas relief on the ground that he had been denied his right to appointed counsel and free transcripts. Although the petitioner's state appeal from his conviction still was pending, the petitioner arguably had exhausted his state remedies with respect to the particular

///
///

claim being raised in his federal habeas petition. The Ninth Circuit held that the federal habeas petition nevertheless had to be dismissed for failure to exhaust state remedies:

> [E]ven were Sherwood to have exhausted all his state remedies with respect to the denial of his appointed counsel and free transcript request, that would not be enough to satisfy the requirements of 28 U.S.C. §§ 2254(b) and (c). When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.
>
> As we explained in *Davidson v. Klinger*, 411 F.2d 746, 747 (9th Cir. 1969), even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question.

*Sherwood*, 716 F.2d at 634 (footnote and remaining citations omitted).

Other courts in this Circuit also have applied the *Sherwood* dismissal rule where the petitioner had a state habeas petition pending. *See, e.g., Lockhart v. Hedgpeth*, 2008 WL 2260674, **1 (N.D. Cal. 2008); *Craft v. Sisko*, 2008 WL 906438, *1-*2 (C.D. Cal. 2008); *McDade v. Board of Corrections*, 2007 WL 3146736, *1 (N.D. Cal. 2007); *Hancock v. Marshall*, 2007 WL 1521002, *1 (N.D. Cal. 2007); *Kilgore v. Malfi*, 2007 WL 1471293, *2-*3 (N.D. Cal. 2007).

Therefore, the Petition is subject to dismissal. Nevertheless, petitioner asks the Court to stay the Petition while his California Supreme Court petition is pending. Petitioner also acknowledges that the current Petition is mixed (*i.e.*, it contains exhausted and unexhausted claims). In certain limited circumstances a stay of a pending mixed federal petition may be appropriate while a petitioner

pursues to exhaust unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). Under *Rhines*, petitioner must demonstrate (1) good cause for his failure to exhaust his claims first in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that petitioner engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277-78. In particular, the requirement of a showing of good cause ensures that stays remain the exception and not the norm. *See, e.g., Rhines*, 544 U.S. at 277 ("stay and abeyance should be available only in limited circumstances"); *Hernandez v. Sullivan*, 397 S. Supp. 2d 1205, 1207 (C.D. Cal. 2005) (petitioner must show that failure to exhaust resulted "from an objective factor external to the petitioner which cannot fairly be attributed to him").

      Petitioner is under the impression that his last day to file a federal petition was October 10, 2010. Petitioner contends that the imminent running of the statute demonstrates good cause. However, petitioner has not made any attempt to explain why he delayed in exhausting his claims. Ordinarily, the Court would grant petitioner an opportunity to explain his delay before dismissing his Petition. However, here, petitioner is mistaken as to his time to file a federal petition. Petitioner's conviction became final 90 days after the October 14, 2009 denial of direct review by the California Supreme Court, which was January 12, 2010. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner's last date to file a federal habeas petition, absent statutory or equitable tolling, will be one year after his conviction became final, or January 12, 2011. *See* 28 U.S.C. § 2244(d); *see also Calderon v. U.S. Dist. Court (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997).[1] To the extent petitioner may be entitled to tolling, the statute might not expire until after January 12, 2011. In

---

[1] *Beeler* was overruled on other grounds in *Calderon v. U.S. Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

any event, under these circumstances the limitations period cannot present good cause for petitioner's failure to exhaust his claims.

Petitioner will have time to file another federal petition before the statute runs and, if at that time his state petition is still pending, petitioner should file the federal petition, request a stay, and make a showing satisfying the three *Rhines* requirements.

IT THEREFORE IS ORDERED that this action be summarily dismissed without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGEMENT BE ENTERED ACCORDINGLY.

Dated: 12.08.10

_____
JOSEPHINE STATON TUCKER
United States District Judge

Presented by:

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge